ESTER SWARTZ, APPELLEE, v. DRAKE REALTY CONSTRUCTION COMPANY, APPELLANT.

FILED FEBRUARY 27, 1923.   No. 22258.

1. *Penhansky v. Drake Realty Construction Co., ante,* p. 120, followed as to all errors assigned, except the assignment that the verdict is excessive.

2. **Damages.** Evidence set forth in the opinion *held* not to sustain a verdict for personal injuries in excess of $3,500, and recovery reduced to that amount.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Affirmed on condition.*

*Kelso A. Morgan* and *Livingston & Whitmore,* for appellant.

*Weaver & Giller, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and ALDRICH, JJ., RAPER, District Judge.

LETTON, J.

Plaintiff recovered a judgment for $5,000 in this, an action for personal injuries. The particulars of the accident are set forth in the opinion in *Penhansky v. Drake Realty Construction Co., ante,* p. 120. At the time of the accident both Mrs. Penhansky and the plaintiff were knocked down by the negligent operation of an automobile truck driven by defendant's employee. The complaints made of the rulings of the trial court, with the exception of one assignment of error, are ruled by the *Penhansky* opinion, and will not be again considered.

Swartz v. Drake Realty Construction Co.

This complaint is that the verdict is excessive, and must have been the result of passion and prejudice on the part of the jury. Plaintiff was knocked down and rendered unconscious for a short time. There was a deep flesh wound on the upper part of her left leg. She was taken to a hospital, where she remained between four and five weeks before she went home. She was severely bruised in the region of the hip and thighs. She was in bed for about two months after she left the hospital, and, when she first became able to sit up, it was necessary that her left leg be elevated and rested upon a pillow on another chair. She was unable to perform her household duties for over six months. When the flesh wound healed, it left a scar and depression in the thigh. The medical testimony on behalf of both plaintiff and defendant as to the location, size and result of the wound is in substantial agreement, and it is conceded that the scar will always remain. It is from two to three inches long and one and one-half inches wide. Her power of locomotion is not interfered with. The scar tissue is more sensitive to cold than the natural skin, but there seems to be no permanent injury to her person except this. She suffered a severe nervous shock at the time of the accident, and considerable pain, which gradually became less as time passed; she still complains of nervousness and pain to some extent.

Considering the facts testified to on her behalf, we think the verdict is excessive, and that, while she is entitled to a full and adequate recovery of the damages suffered, we are of opinion that the sum of $3,500 is as large a verdict as the evidence will sustain for all damages proved. Judgment affirmed, if within 20 days plaintiff file in this court remittitur of $1,500 as of date thereof; otherwise reversed.

AFFIRMED ON CONDITION.